UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EMILIA IRIS MARTINEZ

**Plaintiff**

v.                                    CIVIL NO. 97-1465 (JAG)

COMISION INDUSTRIAL

**Defendant**

---

### ORDER TO SHOW CAUSE

Pending before the Court is defendant's request for the Court to reconsider its order, entered on May 21, 2002, denying defendant leave to file a summary judgment motion.

The factual background underlying this request shows that on August 3, 2000, defendant was granted until October 27, 2000 to file a motion for summary judgment. (Docket No. 9.) On October 30, 2000, defendant filed its first belated motion asking the Court an extension of time to file its motion for summary judgment. (Docket No. 11, 13.) On November 8, 2000, the Court granted defendant until January 12, 2001 to file the summary judgment motion. (Docket No. 14.) Defendant did not comply with the Court's order. On August 16, 2001, seven months after the January 12, 2001 deadline, defendant sought a second belated extension of time to complete discovery and file its summary judgment motion.




Civil No. 97-1465 (JAG)                                                    2

The Court granted defendant 120 days to complete discovery and an additional 30 days to file the summary judgment motion. (Docket No. 17.) On November 9, 2001, defendant filed a third motion seeking an enlargement of time until January 23, 2002 to complete discovery and until March 24, 2002 to file the summary judgment motion. (Docket No. 18.) On November 27, 2001, the Court granted defendant's request. (Docket No. 19.) The March 24, 2002 deadline elapsed. Defendant filed no further requests for extensions of time following the expiration of the March 24, 2002 deadline.

On April 18, 2002, almost one month after the expiration of the March 24, 2002 deadline, the Court issued a Trial Scheduling Order setting the case for trial on August 19, 2002. (Docket No. 20.) Although defendant was aware that the March 24, 2002 deadline had elapsed, and that the Court had scheduled a trial date, on May 14, 2002, it filed yet another belated motion requesting an enlargement of time until June 3, 2002 to file a summary judgment motion. (Docket No. 23.) On May 21, 2002, the Court summarily denied the motion. (Docket No. 24.) On June 3, 2002, defendant filed a motion for reconsideration. (Docket No. 25.) For the reasons stated below, the Court **DENIES** the motion. Defendant has

Civil No. 97-1465 (JAG)                                                    3

simply abused the Court's indulgence through endless procrastination.

Orderly procedure requires that Court-imposed deadlines be strictly followed. Otherwise, it would be impossible to properly manage the Court's caseload. See, e.g., Rosario-Díaz v. González, 140 F.3d 312, 315-16 (1st Cir. 1998); Barreto v. Citibank, N.A., 907 F.2d 15, 16 (1st Cir. 1990); Nieves Domenech v. Dymax Corp., 952 F. Supp. 57, 61-62 (D.P.R. 1996). The Court is beset with a mounting workload, and, as a result, it must rely on its officers to comply with Court-imposed deadlines and to move cases expeditiously. The record shows that the Court afforded the Federal Litigation Division enlargements of time for approximately **eighteen months** so that it could file a summary judgment motion. Notwithstanding the Court's generosity, defendant failed to file a motion. Moreover, it allowed the last deadline to elapse, apparently believing that the Court would continue to grant its extension requests indefinitely. This is a 1997 case. There is simply no acceptable justification for defendant's counsel disregard of the Court's orders.

The Court has forewarned the Puerto Rico Attorney General that it will not look favorably on motions like the one filed by

Civil No. 97-1465 (JAG)                                                                 4

attorney Estades-Boyer, and that continuous laxity in handling the demands of its federal litigation docket would result in the imposition of sanctions. (See, e.g., Civ No. 98-2104, Docket No. 60.) The Court has the inherent power to assess sanctions to vindicate the integrity of the proceedings in a case where a party has abused, delayed or disrupted the litigation. See John's Insulation, Inc. v. L. Addison and Associates, Inc., 156 F.3d 101, 108 (1st Cir. 1998); see also Chambers v. Nasco, Inc., 501 U.S. 32, 46 (1991)("The imposition of [inherent-power] sanctions ... vindicat[es] judicial authority without resort to the more drastic sanctions available for contempt."); Jones v. Winnepesaukee Realty, 990 F.2d 1, 6 (1st Cir. 1993) ("Deterrence is a widely recognized basis for determining the amount of a monetary sanction imposed under court's inherent powers."); Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990)("a district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines"). The Court finds that the Puerto Rico Department of Justice's sustained inaction and reckless disregard of the Court's orders warrants the imposition of sanctions. Accordingly, the Court **DENIES** defendant's motion and **ORDERS** the Puerto Rico Attorney General to show cause by **July 11, 2002 at 3:00**

Civil No. 97-1465 (JAG)                                                                 5

**P.M.** why the Court should not impose a **$5,000.00** sanction against the Puerto Rico Department of Justice for its litigation abuses.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of July 2002.

_____
JAY A. GARCIA-GREGORY
U.S. District Judge